ORIGINAL

FILED

'07 NOV -6 PM 4: 24

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: CP   DEPUTY

Alan Himmelfarb
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
consumerlaw1@earthlink.net

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JASON DEMAS and JOHN RENNINGER, on their own behalves and on behalf of all others similarly situated,

Plaintiffs,

v.

SONY ELECTRONICS, INC., a Delaware corporation,

Defendant.

No. 07 CV 2126 JM (NLS)

**CLASS ACTION COMPLAINT**

BY FAX

Plaintiffs Jason Demas and John Renninger, by their attorneys, make this class complaint against Defendant, Sony Electronics, Inc., on their own behalves and on behalf of all others similarly situated. Plaintiffs' allegations are based on information and belief, except as to their own actions, which are based on knowledge. Plaintiffs' information and belief are based on the investigation of his counsel, and facts that are a matter of public record.

### Nature of the Claim

1. Defendant Sony Electronics, Inc. ("SEI") markets and distributes electronics and recording media products for consumers, including the Sony KDS XBR1 series of televisions. SEI is the largest component of Sony Corporation of America, the U.S. holding company for Sony's U.S. based electronics and entertainment businesses.

Class Action Complaint                    1

2. Defendant SEI markets the Sony KDS XBR1 series of model televisions as having a "1080p" resolution, currently the highest resolution available. The "1080" portion of the 1080p designation indicates the television contains 1080 vertical lines of pixels across the display. The "p" portion of the 1080p designation indicates a progressive scan format, meaning that the television "fills in" *every* line of pixels for every frame shown on the television's display.

3. By contrast, a television which uses an interlaced scan format (which may be designated with an "i") fills in *every other* line of pixels for every frame shown on the television's display. On most contemporary displays, however, the image is deinterlaced – using a variety of techniques that fill in the missing lines of pixels by extrapolating from the existing pixels – before it is shown on the display. Deinterlacing does not result in the same image a progressive scan would provide: deinterlacing creates various defects in the image which are noticeable to consumers.

4. In short, a television that can display progressive scan format can provide a smoother, cleaner image than an interlaced scan format. Thus, a television's progressive scan capability is a material fact to television purchasers.

5. Indeed, because it claimed its KDS XBR1 series of televisions were capable of 1080p resolution, SEI was able to charge its retailer customers a premium for this series of televisions. In turn, these retailers passed this premium on to their customers – including the Plaintiffs.

6. However, the KDS XBR1 series of televisions did not, for all practical purposes, have 1080p resolution. Displaying media content on a progressive scan format involves roughly double the data and "bandwidth" that displaying the same media content on a interlaced scan format would require. This data must be transmitted from a 1080p signal source (like a next-generation (HD DVD or Blu-Ray) DVD player or a video game console (Sony PlayStation 3)) to the display through connector cables.

7. Only certain types of connector cables are capable of carrying sufficient bandwidth to allow 1080p resolution to be transmitted to a television. None of the connections on the

Class Action Complaint        2

KDS XBR1 series of televisions were capable of receiving 1080p resolution signals – and were only capable of receiving 1080i resolution signals. There was no way for any of these televisions to display 1080p resolution, because there was no way for these televisions to receive any 1080p signals.

8. Purchasers of KDS XBR1 series televisions, including Plaintiffs, were not informed that, although marketed as having 1080p resolution, they will not be able to obtain 1080p signals.

### Parties

9. Plaintiff John Demas is a resident of Illinois. He purchased a KDS R60XBR1 model television from Grant's Appliances in Illinois in or about July 2006. He did not learn that his KDS R60XBR1 model television could not show 1080p resolutions until he purchased a PlayStation 3 and discovered that his television did not support the 1080p resolution and only supported the 1080i resolution. Demas initially sought relief from his retailer, and then called Defendant. Defendant ultimately refused to do anything for Demas. Demas has been trying to resolve his situation for months.

10. Plaintiff John Renninger is a resident of Illinois. He purchased a KDS R50XBR1 model television from Grant's Appliances in Illinois in or about July 2006. He did not learn that his KDS R50XBR1 model television could not show 1080p resolutions until one of his fellow fireman alerted him to the fact. His son, who had initially set up the KDS R50XBR1 model television, also verified that his television did not support the 1080p resolution and only supported the 1080i resolution.

11. Defendant Sony Electronics, Inc. is a Delaware Corporation with its corporate headquarters located at 1645 West Bernardo Street, San Diego, California 92127. SEI is the largest component of Sony Corporation of America, the U.S. holding company for Sony's U.S. based electronics and entertainment businesses.

### Jurisdiction and Venue

12. Defendant is a Delaware corporation headquartered in California and can only be a citizen in the states of California and Delaware. Plaintiffs asserts claims of behalf of a

proposed class whose members are scattered throughout the fifty states (including the 48 states besides California and Delaware) and the jurisdictions within the United States: there is minimal diversity of citizenship between proposed class members and the Defendant. The aggregate of these claims exceed the sum or value of $5,000,000. This Court also has subject matter jurisdiction over this case under 28 U.S.C. § 1332(d).

13. This Court has personal jurisdiction over the Defendant under Cal. Code Civ. Proc. § 410.10 because Defendant maintains its corporate headquarters in, and the majority of the acts alleged herein were committed in, California and, specifically, the Southern District of California.

14. Venue is also proper before this Court under 28 U.S.C. § 1391(b)(1), (2).

## Facts

15. In or about August 2005, SEI introduced the KDS XBR1 series of television sets. SEI marketed each model in the KDS XBR1 series of televisions sets were marketed with a single, uniform common marketing release that was common to the marketing for each model in the KDS XBR1 series of television sets. The marketing releases for KDS-R50XBR1 and the KDS-R60XBR1 are attached as Exhibits 1 and 2 to this Complaint.

16. According to SEI's marketing releases for the KDS XBR1 series of televisions, these televisions had a "Native Resolution: 1080p " and contained "SXRD Panels" which

> [met] and exceed[ed] the demands of a High Definition image at its full 1080 line resolution. Digitally transmitted High Definition signals can contain over 2 million individual detail points that need to be displayed accurately and rapidly. SXRD displays those 2 million detail points per SXRD panel accurately since the 3 SXRD panels actually contain enough pixels to fully display a 1080 line picture without interlacing it.

(*Id.* at 1.)

17. SEI's marketing agents and/or sales representatives provided these marketing releases to SEI's retailer customers when offering the KDS XBR1 series of televisions for sale to those customers.

18. On information and belief, SEI's marketing agents and/or sales representatives also made a uniform sales presentation to its customers that the KDS XBR1 series of

Class Action Complaint                     4

televisions were capable of 1080p resolution.

19. SEI's customers (including Grant's Appliances) believed and relied on SEI's representations that the KDS XBR1 series of televisions were capable of 1080p resolution. These retail customers paid a premium for the KDS XBR1 series of televisions in reliance on SEI's representations.

20. Plaintiffs purchased KDS R60XBR1 and a KDS R50XBR1 model televisions from Grant's Appliances. Plaintiffs made their purchase on after receiving representations from the sales people at the Grant's Appliances that their televisions were capable of the highest resolution presently available on the market – specifically, 1080p resolution. Plaintiffs paid a premium to Grant's Appliances to purchase their televisions in reliance on the representation that their televisions were capable of displaying 1080p resolutions, which representation was proximately and directly caused by SEI's marketing releases and sales presentations to Grant's Appliances.

### Class Certification Allegations

21. Plaintiffs brings this action on behalf of themselves and all other similarly situated people as members of a Class as defined as follows: All persons or entities in the United States who purchased one or more of the KDS XBR1 series of television sets manufactured and marketed by Defendant.

22. **Class Numerosity:** Plaintiffs do not know the exact size of the Class, but such information is in SEI's exclusive control and readily ascertainable from SEI's records. Based on SEI's distribution of these television sets, Plaintiffs believe the Class members number in the thousands. Therefore, individual joinder of all members of the Class is likely to be impracticable. Class members may be notified of the pendency of this action by email, mail, and/or supplemented (if deemed necessary or appropriate by the Court) by published notice.

23. **Class Commonality:** Common questions of fact and law exist as to all Class members and predominate over the questions affecting only individual Class members. These common questions include:

Class Action Complaint                        5

  (a) Whether Defendant failed to disclose, inadequately disclosed, and/or concealed at the point of sale that the KDS XBR1 series of televisions did not contain a 1080p input connection;

  (b) Whether the 1080i input connection produces a significantly lower resolution that 1080p;

  (c) Whether the lack of 1080p input connection renders the KDS XBR1 series of televisions less valuable; and

  (d) Whether Plaintiffs and the Class are entitled to relief, and the nature of such relief.

24. **Class Typicality:** Plaintiffs' claims are typical of the claims of other Class members; they purchased a television from the KDS XBR1 series of television models under the belief that it would provide 1080p resolution, the highest quality on the market. The wrongful conduct of Defendant threatens the Plaintiffs and other Class members with the same injury and/or damages arising out of and based upon the same transactions, made uniformly to the Plaintiffs and the public.

25. **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the other Class members, and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs.

26. **Predominance and Superiority:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual Class member will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendant. It would be virtually impossible for the Class members individually to obtain effective relief from the misconduct of Defendant. Even if members of the Class themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer

management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

27. **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. The policies of the Defendant challenged herein apply and affect the Class uniformly, and Plaintiffs' challenge of these policies hinges on Defendant's conduct, not on facts or law applicable only to Plaintiff.

### Count I: Violation of the California Consumer Legal Remedies Act

28. Plaintiffs and every other member of the Class are "consumers" within the meaning of Civil Code Section 1761(d).

29. The KDS XBR1 series of televisions that are the subject of this litigation are "goods" within the meaning of Civil Code Section 1761(a).

30. Defendant has violated the California Consumer Legal Remedies Act ("CLRA") in at least the following respects:

    (a) In violation of Section 1770(a)(5), Defendant represented that the KDS XBR1 series of televisions have characteristics and benefits they did not have;

    (b) In violation of Section 1770(a)(7), Defendant represented that the KDS XBR1 series of televisions were of a particular standard, quality or grade that they were not.

31. Defendant concealed material facts regarding the KDS XBR1 series of televisions from Plaintiffs and other Class members, including that it did not contain a 1080p input connection. This conduct caused Plaintiffs and other Class members to rely on representations their televisions were capable of 1080p resolution, which was not true because the KDS XBR1 series of televisions did not contain a 1080p input connection.

32. The KDS XBR1 series of televisions' capability to display 1080p resolution is a fact that is relied up by consumers in making purchasing decisions and is fundamental to the

decisions to purchase specific models of televisions.

33. Defendant's customers paid a premium for KDS XBR1 series televisions in reliance on Defendant's misrepresentations that such televisions were capable of 1080p resolution. In turn, Defendant's customers relayed those same misrepresentations to Plaintiffs and other Class members, who relied on those misrepresentations to their detriment (which reliance was proximately and directly caused by SEI's marketing releases and sales presentations).

34. SEI's failure to disclose the lack of 1080p input connection is an omission and concealment of material fact that constitutes unfair, deceptive and misleading business practices in violation of Civil Code Section 1770(a).

35. SEI's deceptive acts and omissions occurred in the course of selling a consumer product.

36. Had Defendant disclosed this material information to Plaintiffs and the other Class members, they would not have purchased these televisions or would not have paid a premium to do so. Defendant's violation of Civil Code Section 1770(a) has directly and proximately harmed Plaintiffs and other Class members.

37. As a direct and proximate result of SEI's violation of Civil Code Section 1770, *et seq.*, Plaintiffs and the other Class members have suffered irreparable harm. Plaintiffs, on behalf of themselves and on behalf of the Class, seeks injunctive relief.

### Count II: Violation of the California Unfair Competition Law

38. Plaintiffs incorporate by reference and realleges all paragraphs previously alleged herein.

39. Defendant's business acts and practices related to the manufacture, use and distribution of KDS XBR1 series televisions are unlawful because they violate the CLRA, as well as other laws. The aforementioned business acts and practices constitute unfair competition under Cal. Bus. & Prof. Code § 17200.

40. Defendant's acts are fraudulent and unfair, because they are likely to deceive the public or conceal the truth from the public regarding:

    (a)    the lack of a 1080p input connection;

(b) the difference in resolution between the advertised 1080p connection and the provided 1080i connection.

41. SEI's representations and/or omissions of material fact were untrue or misleading, and were made with the intent, "indirectly or directly" to sell KDS XBR1 series television sets. SEI knew or should have known through the exercise of reasonable care that the representations and/or omissions were misleading. SEI thereby violated California's false advertising statute, Cal. Bus. & Prof. Code § 17500, and its actions constitute unfair competition under Cal. Bus. & Prof. Code § 17200.

42. Defendant's customers paid a premium for KDS XBR1 series televisions in reliance on Defendant's misrepresentations that such televisions were capable of 1080p resolution. In turn, Defendant's customers relayed those same misrepresentations to Plaintiffs and other Class members, who relied on those misrepresentations to their detriment (which reliance was proximately and directly caused by SEI's marketing releases and sales presentations).

43. Plaintiffs and the other Class members have sustained injury in fact and have lost money and property as a result of defendant's unfair competition.

44. Plaintiffs and other Class members state a claim under Cal. Bus. Prof. Code § 17203, and seek equitable relief (including, if necessary, the appointment of a receiver) to prevent further unfair competition and restitution in the amount of all the funds acquired by such unfair competition.

WHEREFORE, Plaintiffs pray that the Court enter judgment and orders in his favor and against Defendant as follows:

(a) An order certifying the Class, directing that this case proceed as a class action, and appointing Plaintiffs and their counsel to represent the Class;

(b) Judgment in favor of Plaintiffs and the other Class members for equitable relief against Defendant, including an order enjoining Defendant from the further sale of KDS XBR1 series of television sets without 1080p input connections;

(c) An order granting reasonable attorneys' fees and costs, as well as pre- and post-judgment interest at the maximum legal rate; and

(d) Such other and further relief as this Court may deem appropriate.

Dated: November 5, 2007

By: /s/

Alan Himmelfarb
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
consumerlaw1@earthlink.net

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 144248      - SR

November 06, 2007
15:46:18

Civ Fil Non-Pris
USAO #.: 07CV2126 CIV. FIL.
Judge..: JEFFREY T MILLER
Amount.:                  $350.00 CK
Check#.: BC#3115715

Total-> $350.00

FROM: DEMAS ET AL V. SONY ELECTRONIC
      CIVIL FILING

ORIGINAL

§JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JASON DEMAS and JOHN RENNINGER, on their own behalves and on behalf of all others similarly situated, | SONY ELECTRONICS, INC., a Delaware corporation, |
| (b) County of Residence of First Listed Plaintiff   Illinois<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   San Diego, California<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.<br>'07 CV 2126 JM (NLS) |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Ethan Preston, KAMBEREDELSON LLC, 53 West Jackson Ave., Suite 1530, Chicago, IL 60604, 312-589-6370 | Attorneys (If Known)<br>BY FAX |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332(d).

Brief description of cause:
Misrepresentations regarding technical capabilities of products.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions:)   JUDGE _____   DOCKET NUMBER _____

DATE  11-6-07
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 144248   AMOUNT 350,—   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

11/6/07