Alan Himmelfarb
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DEMAS and JOHN RENNINGER, on their own behalves and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SONY ELECTRONICS, INC., a Delaware corporation,<br><br>　　　　Defendant. | No. 07 2126 JM<br><br>**DECLARATION OF JASON DEMAS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND CONDITIONAL CLASS CERTIFICATION**<br><br>Date: January 11, 2008<br>Time: 1:30 p.m.<br>United States District Court<br>Judge Jeffrey T. Miller<br>940 Front Street<br>Courtroom 6, 3rd Floor<br>San Diego, CA 92101 |

Declaration of Jason Demas in support of Motion for Preliminary Injunction and Conditional Class Certification

No. 07cv2126 -JM(NLS)

Pursuant to 28 U.S.C.§ 1746, I, Jason Demas, hereby declare and state as follows:

1. I am over the age of eighteen and am fully competent to make this declaration. I make this declaration based upon personal knowledge.

2. I purchased a KDS R60XBR1 television ("Television") from a Grant Appliance's in Aurora, Illinois on May 30, 2007.

3. Prior to purchasing the Television, I asked Jeff Viscom, the Store Manager, at Grant's Appliances which televisions offered the highest resolution commercially available at the time.

4. Jeff Viscom (and other salespeople at Grant's Appliances) told me the highest resolution commercially available at the time was 1080p, and that the Television was capable of 1080p resolution.

5. I was informed and understood at the time I purchased my Television that the "p" in the "1080p" designation indicated a progressive scan resolution that provided a clearer, sharper image than a interlacing scan resolution.

6. This representation led me to believe that the Television could receive a 1080p resolution: if the Television could not receive a 1080p signal, the Television's ability to display a 1080p signal was meaningless.

7. No one at Grant's Appliances told me that the Television did not have any connection that was capable of 1080p resolution, had no way of receiving a 1080p signal, and so could never display a 1080p signal at 1080p resolution.

8. I purchased my Television in reliance on the belief that the Television was capable of both displaying and receiving a 1080p resolution.

9. I discovered my Television did not have a connection capable of receiving a 1080p signal when I purchased a Sony PlayStation 3 on or about August 12, 2007 and learned that my Television did not offer the option of receiving the Sony PlayStation 3's signal at a 1080p resolution (and only offered the option of receiving the Sony PlayStation 3's signal at a 1080i resolution or interlacing scan resolution).

10. The capability of my Television to display a progressive scan resolution was material to me: I would either have not purchased the Television if I knew that it was not capable of progressive scan resolution, or would have purchased it at a lower price.

11. On or about August 13, 2007, I alerted John Renninger that his KDS R50XBR1 television probably could not receive a 1080p signal and so could not display images or content at a 1080p resolution, either.

12. I complained to the salespeople at Grant's Appliances about this situation on or about August 13, 2007. In my subsequent conversations with Jeff Viscom, I was told that the Sony Electronics, Inc. sales representative assigned to the Aurora Grant's Appliances had told the salespeople there that the KDS XBR1 series of televisions were capable of 1080p resolution and provided them with written marketing materials which made the same representation; the Grant's Appliances salespeople had simply passed this representation on to their own customers, including myself. My understanding is that the Sony Electronics, Inc. sales representative's first name is Vito.

13. I am an employee of the City of Aurora in Illinois and a fireman; in addition, I also work a Group 1 Solutions, Inc. as a sales team leader, and at the University of Illinois Fire Service Institute. I need to work three jobs to support my family, and my wife stays home to raise our children. I am not financially capable of posting more than $1,000 for the injunctive relief in the Motion. It took me approximately 6 months to pay my Television off.

14. I declare under penalty of perjury, that the foregoing is true and correct.

DATE: November 14, 2007

JASON DEMAS

---

Declaration of Jason Demas in support of Motion for Preliminary Injunction and Conditional Class Certification

3

No. 07cv2126 -JM(NLS)