NANCY SHER COHEN (Bar No. 81706)
Nancy.Cohen@hellerehrman.com
RONALD A. VALENZUELA (Bar No. 210025)
Ronald.Valenzuela@hellerehrman.com
HELLER EHRMAN LLP
333 South Hope Street, 39th Floor
Los Angeles, CA 90071-3043
Telephone: +1.213.689.0200
Facsimile: +1.213.614.1868

Attorneys for Defendant
SONY ELECTRONICS INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DEMAS and JOHN RENNINGER, on their own behalves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SONY ELECTRONICS INC.,<br><br>Defendant. | CASE No. 07cv2126 – BEN (RBB)<br><br>**SONY ELECTRONICS INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>The Honorable Roger T. Benitez<br>Courtroom: 3<br>Date: February 11, 2008<br>Time: 10:30 a.m. |

## INTRODUCTION

Plaintiffs Jason Demas and John Renninger allege that Sony-brand Grand WEGA™ high-definition television models KDS R60XBR1 and KDS R50XBR1, distributed by defendant Sony Electronics Inc. ("SEL"), are not able to accept a certain video signal contrary to purported representations that they would. Plaintiffs do not allege that their televisions ever failed to deliver a quality picture image or that the product line suffers from a common, uniform defect. In fact, Mr. Renninger has apparently owned his television for over two years and never reported a problem with its performance.

Plaintiffs contend that SEL somehow violated California's Consumer Legal Remedies Act ("CLRA") and Unfair Competition Law ("UCL"). But according to the First Amended Complaint, Plaintiffs do not live in California, did not purchase their televisions in California, never used their televisions in California, nor ever suffered any purported injury in California. Because the UCL and CLRA do not apply to alleged injuries suffered by non-California residents caused by conduct occurring outside of California's borders, Plaintiffs have failed to state a claim for relief and, accordingly, their First Amended Complaint must be dismissed in its entirety.

## FACTUAL BACKGROUND

Jason Demas, an Illinois resident, alleges that in July of 2006 he purchased a Sony-brand Grand WEGA™ high-definition television, model KDS-R60XBR1, from Grant's Appliances in Illinois. First Amended Complaint ("FAC") ¶ 9. Jason Renninger, also an Illinois resident, alleges that he purchased a Sony-brand Grand WEGA™ high-definition television, model KDS-R50XBR1, in December of 2006 over the internet from Dynaco Company in Hauppauge, New York.[1] FAC ¶ 10.

---

[1] We do not know precisely where Mr. Renninger bought his Television, although it is clear that he did not purchase it in California. The initial complaint alleged that he bought it from a store in Illinois. See Compl. ¶ 10. The affidavit he submitted in support of Plaintiffs' pending Motion for Preliminary Injunction, however, avers that he bought it online, from a retailer in New Jersey. See Renninger Decl. In Support of Motion for Preliminary Injunction at ¶ 2, attached hereto for the Court's convenience as Exhibit A.

1
SONY ELECTRONICS INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, CASE NO. 07cv2126 – BEN (RBB)

Demas and Renninger allege that SEL "concealed the material fact" that their televisions "did not accept a 1080p input connection" and thus "there was no way for the Televisions to display a 1080p signal." FAC ¶ 6, 24. Demas, however, alleges that he purchased his television based upon representations made by employees of the Illinois retailer from whom he purchased the television. FAC ¶ 20. Similarly, Renninger alleges that he purchased his television based upon representations made by an online retailer in New York. FAC ¶ 21. Plaintiffs do not allege that SEL ever made any representation whatever to them about their Televisions.

Demas and Renninger bring only two causes of action, both under California law. They allege that SEL violated California's Unfair Competition Law (Cal. Bus. & Prof. Code § 1720 *et seq.*), and violated California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750 *et seq.*).

## LEGAL ARGUMENT

### I. LEGAL STANDARD PURSUANT TO WHICH PLAINTIFFS' CLAIMS SHOULD BE DISMISSED

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must assume that the material allegations in the complaint are true. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). However, a pleading must be dismissed if it does not allege sufficient facts, under a cognizable legal theory, to state a claim for relief. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Although the complaint need only contain a "short and plain statement" of the claim, bald contentions, unsupported characterizations and the formulaic recitation of the elements of a cause of action are not enough to defeat a motion to dismiss. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007); *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim"). A plaintiff must allege facts, not simply conclusions, and must allege facts that *plausibly* suggest defendant's

---

The First Amended Complaint, however, tells a different story still, alleging that Mr. Renninger bought his Television online from a store in New York. See FAC ¶ 10.

liability. *Twombly*, 127 S.Ct. at 1965 & n.5.

Under this standard, Plaintiffs' First Amended Complaint does not allege facts entitling them to relief under the UCL or CLRA. Accordingly, the complaint must be dismissed in its entirety.

## II. PLAINTIFFS' CLAIMS MUST BE DISMISSED BECAUSE THEY ARE ILLINOIS RESIDENTS WHO WERE INJURED IN ILLINOIS

California law employs a strong presumption against the extraterritorial application of its statutes. *See Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal. 4th 1036, 1059 n.20 (Cal. 1999). That presumption reflects the concern that applying California law for conduct and injuries occurring outside this state to non-residents "would be arbitrary and unfair and transgress due process limitations." *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 227 (Cal. Ct. App. 1999). Even beyond this presumption, "a California court's adjudication of non-residents' claims that lack a nexus with California 'raises significant due process problems.'" *Churchill Village, L.L.C. v. GE*, 169 F. Supp. 2d 1119, 1126-27 (N.D. Cal. 2000) (*quoting Phillips Petroleum Co. v. Shutts*, 4723 U.S. 797, 810-11 (1985)).

Based on these principles, both the California Courts of Appeal and various federal district courts applying California law have squarely held that the UCL and CLRA do not apply to alleged injuries suffered by non-California residents caused by conduct occurring outside of California's borders. *Norwest Mortgage, Inc.*, 72 Cal. App. 4th at 223-27; *Meridian Project Sys., Inc. v. Hardin Const. Co.*, 404 F. Supp. 2d 1214, 1225 (E.D. Cal. 2005) (dismissing UCL claim brought by Canadian corporation alleging copyright infringement which occurred in Canada); *Standfacts Credit Serv., Inc. v. Experian Info. Solutions, Inc.*, 405 F. Supp. 2d 1141, 1148 (C.D. Cal. 2005) (finding that non-resident plaintiff could not state claim under UCL because it failed to specifically allege any wrongful acts that occurred in California). *See also Churchill Village, L.L.C.*, 169 F. Supp. 2d at 1126-27 (court lacked jurisdiction over UCL claim for injunctive relief where none of challenged conduct occurred in California); *Arabian v. Sony Electronics Inc.*, Case No. 05-

3

SONY ELECTRONICS INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, CASE NO. 07cv2126 – BEN (RBB)

cv-1741, 2007 U.S. Dist. LEXIS 12715 at *30-31 (S.D. Cal. Feb. 22, 2007) (refusing to certify proposed nationwide class of consumers because, in part, court could not apply UCL to non-residents where alleged conduct and injuries occurred outside of California).

Here, Demas is an Illinois resident who bought his Television in Illinois and, according to his own allegations, suffered injury in that state. *See* FAC ¶ 9. Renninger, likewise, is an Illinois resident who purportedly purchased his Television outside of California and also allegedly suffered his injury in Illinois. *See* FAC ¶ 10. In fact, the only connection between Plaintiffs' claims and this State that Plaintiffs allege is stated their jurisdictional allegation, where Plaintiffs claim that SEL maintains its corporate headquarters in California. FAC ¶ 13. This allegation might be enough to confer jurisdiction over SEL but it is insufficient to bring Plaintiffs' claims within the scope of the UCL or CLRA. Given these allegations, Plaintiffs' have failed to state a claim under the UCL or CLRA.

## CONCLUSION

For the foregoing reasons, Plaintiffs' First Amended Complaint should be dismissed in its entirety.

DATED: December 28, 2007        Respectfully submitted,

HELLER EHRMAN LLP


By s/Ronald A. Valenzuela
NANCY SHER COHEN
RONALD A. VALENZUELA
Attorneys for Defendant
SONY ELECTRONICS INC.

# EXHIBIT A

Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DEMAS and JOHN RENNINGER, on their own behalves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SONY ELECTRONICS, INC., a Delaware corporation,<br><br>Defendant. | No. 07cv2126-JM(NLS)<br><br>**DECLARATION OF JOHN RENNINGER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND CONDITIONAL CLASS CERTIFICATION**<br><br>Date: January 11, 2008<br>Time: 1:30 p.m.<br>United States District Court<br>Judge Jeffrey T. Miller<br>940 Front Street<br>Courtroom 6, 3rd Floor<br>San Diego, CA 92101 |

Pursuant to 28 U.S.C.§ 1746, I, John Renninger, hereby declare and state as follows:

1. I am over the age of eighteen and am fully competent to make this declaration. I make this declaration based upon personal knowledge.

2. I purchased a KDS R50XBR1 television ("Television") online from the Dynacoa Company in Hauppauge, New Jersey on December 31, 2005.

3. I understood at the time from the Sony sales literature available to me that I purchased my Television with the "p" in the "1080p" designation indicated a progressive scan resolution that provided a clearer, sharper image than a interlacing scan resolution.

4. This representation led me to believe that the Television could receive a 1080p resolution: if the Television could not receive a 1080p signal, the Television's ability to display a 1080p signal was meaningless.

5. The salespeople at Dynaco did not tell me that the Television did not have any connection that was capable of 1080p resolution, had no way of receiving a 1080p signal, and so could never display a 1080p signal at 1080p resolution.

6. I purchased my Television in reliance on the belief that the Television was capable of both displaying and receiving a 1080p resolution.

7. I discovered my Television did not have a connection capable of receiving a 1080p signal after Jason Demas told me his television could not receive a 1080p signal. I had my son attempt to play his PlayStation 3 on the 1080p setting – and the Television would not accept a 1080p signal or operate on a 1080p signal.

8. The capability of my Television to display a progressive scan resolution was material to me: I would either have not purchased the Television if I knew that it was not capable of progressive scan resolution, or would have purchased it at a lower price.

9. I am an employee of the state of Illinois and a fireman. I am not financially capable of posting more than $1,000 for the injunctive relief in the Motion. I

saved for about a year to purchase the Television.

10. I declare under penalty of perjury, that the foregoing is true and correct.

DATE: November 13, 2007

*[signature]*
JOHN RENNINGER