**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

In Re Sony 1080p Television Marketing Litigation

MDL Docket No.

*DEMAS* PLAINTIFFS' SUPPLEMENT TO THEIR MOTION FOR TRANSFER OF ACTIONS TO THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS

Jason Demas and John Renninger ("*Demas* Plaintiffs") respectfully submit this Supplement to their Motion before the Judicial Panel on Multidistrict Litigation for an Order, to transfer one class action under 28 U.S.C. § 1407.

The Demas Plaintiffs filed their Motion on December 17, 2007. On December 17, 2007, Judge Roger T. Benitez, who was presiding over the related case *Date v. Sony Electronics, Inc. and ABC Warehouse*, No. 07-00592 ("*Date* action"), granted the *Date* plaintiff's motion to transfer the *Date* action to the Eastern District of Michigan. On December 19, 2007, the *Demas* action was tranferred before Judge Roger T. Benitez pursuant to operation of S.D. Cal. Civ. R. 40.1. On December 21, 2007, the Panel staff contacted the *Demas* Plaintiffs' counsel and indicated that the transfer of the *Date* action necessitated a revised schedule of actions (which is attached to this Supplement).

As the number of venues for these related class claims has multiplied, the transfer of the *Date* action has correspondingly increased the need for consolidated pretrial proceedings. *See In re Brown Co. Sec. Litig.*, 325 F. Supp. 307, 308 (J.P.M.L. 1971) (where constituent actions "are brought as class actions on behalf of *the same class*[,] [it] practically compels their transfer to a single district so as to avoid overlapping or inconsistent class action rulings") (emphasis in original).

The transfer of the *Date* action does not detract from the Southern District of California as the correct transferee district for the constituent actions. The *Date* plaintiff's motion to transfer was premised on eliminating a challenge to the Southern District of California's

personal jurisdiction by one of his defendants (ABC Warehouse, a retailer). The *Date* plaintiff's initial selection of the Southern District of California indicates that he will not be prejudiced by the transfer of his action back to the Southern District of California.[1] Moreover, the actions scheduled below all revolve around certain common representations made by Sony Electronics, Inc. with respect to the same set of televisions. The scheduled actions therefore all involve the same pool of evidence – the same witnesses and the same documents. *See In re Pennsylvania Life Co. Sec. Litig.*, 389 F. Supp. 981, 983 (J.P.M.L. 1975) (Panel favors transfer to district where the defendant "can be found . . . along with their records and documents," and location of evidence trumped relative congestion and stage of proceedings of potential transferee districts). *See also In re Air Fare Litig.*, 322 F. Supp. 1013, 1015 (J.P.M.L. 1971). The *Date* plaintiffs' tactical gambit does not change the underlying factors which favor selection of the Southern District of California as the transferee district. *See* Manual for Complex Litigation (Fourth) § 20.132 (factors relevant to selection of section 1407 transferee district include include "the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges"); *In re Regents of Univ. of Cal.*, 964 F.2d 1128, 1136 (Fed. Cir. 1992) (factors include the transferee court's familiarity with the issues, and the location of relevant documents and witnesses).

Dated: December 28, 2007

By: /s/ Jay Edelson

Jay Edelson
Ethan Preston
KAMBEREDELSON, LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com

---

[1] Transfer to the Southern District of California does not, for instance, impair the *Date* plaintiffs' strategic choice: as a transferee district under 28 U.S.C. 1407, the Southern District of California would be able to exercise personal jurisdiction to the same extent that the Eastern District of Michigan would. *See, e.g., In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 297 & n.11 (3d Cir. 2004) (a "transferee court can exercise personal jurisdiction to the same extent that the transferor court could," citing cases).

epreston@kamberedelson.com

*Attorneys for Jason Demas and John Renninger*

## BEFORE THE JUDICAL PANEL ON MULTIDISTRICT LITGTION

| | |
|---|---|
| In Re Sony 1080p Television Marketing Litigation | MDL Docket No.<br><br>**REVISED SCHEDULE PURSUANT TO JUDICIAL PANEL FOR MULTIDISTRICT LITIGATION RULE OF PROCEDURE 7.2(a)(ii) FOR DEMAS PLAINTIFFS' MOTION FOR TRANSFER** |

| Caption and Parties | Court | Docket Number | Judge |
|---|---|---|---|
| *David Date, Jr. v. Sony Electronics, Inc. and ABC Warehouse*<br><br>**Plaintiff:**<br>David Date, Jr.<br><br>**Defendants:**<br>Sony Electronics, Inc. and ABC Warehouse | Eastern District of Michigan (Detroit) | 2:07-cv-15474-PDB-RSW | Judge Paul D. Borman, referred to Magistrate Judge R. Steven Whalen |
| *Jason Demas and John Renninger v. Sony Electronics, Inc.,*<br><br>**Plaintiffs:**<br>Jason Demas and John Renninger<br><br>**Defendant:**<br>Sony Electronics, Inc. | Southern District of California (San Diego) | 3:07-cv-02126-JM-NLS | Judge Roger T. Benitez and Magistrate Judge Ruben B. Brooks |
| *Elliot Handler v. Sony Electronics, Inc. and Does 1 through 250 inclusive*<br><br>**Plaintiff:**<br>Elliot Handler<br><br>**Defendants:**<br>Sony Electronics, Inc. and Does 1 through 250 inclusive | Central District of California (Western Division) | 2:07-cv-05212-RGK-JC | Judge R. Gary Klausner and Magistrate Judge Jacqueline Chooljian |

BEFORE THE JUDICAL PANEL ON
MULTIDISTRICT LITGTION

| | |
|---|---|
| In Re Sony 1080p Television Marketing Litigation | MDL Docket No.<br><br>**CERTIFICATE OF SERVICE** |

Pursuant to 28 U.S.C.§ 1746, I hereby certify that a copy of the foregoing Revised Schedule was this date served upon the following parties by placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follows:

Nancy Sher Cohen
Ronald A Valenzuela
Heller Ehrman LLP
333 South Hope Street, 39th Floor
Los Angeles, CA 90017

*Attorneys for Sony Electronics, Inc. and ABC Warehouse*

Clerk of the Court
United States District Court
Central District of California
Office of the Clerk
312 North Spring Street
Los Angeles, CA 90012

Clerk of the Court
United States District Court
Southern District of California
Office of the Clerk
880 Front Street, Suite 4290
San Diego, CA 92101-8900

Clerk of the Court
United States District Court
Eastern District of Michigan
Clerk's Office
Theodore Levin U.S. Courthouse
231 West Lafayette Boulevard, Room 564
Detroit, MI 48226

Hallen D. Rosner
Rosner Law Offices
2643 Fourth Avenue
San Diego, CA 92103

*Attorneys for David Date, Jr.*

Alfredo Torrijos
Brian Kabateck
Richard Kellner
Kabateck Brown Kellner
644 South Figueroa Street
Los Angeles, CA 90017

Darren Kaplan
Gregory Keller
Chitwood Harley Harnes
1230 Peachtree Street, Suite 2300
Atlanta, GA 30309

*Attorneys for Elliot Handler*

I also certify that the Clerk of the Court for the Eastern District of Michigan was served with the *Demas* Plaintiffs' Motion and supporting Memorandum by placing a copy of the same in the United States Mail, postage prepaid, and sent to the address above.

Date:      December 28, 2007

By:_____
ETHAN PRESTON