1  Alan Himmelfarb (Cal. Bar. No. 90480)
   KAMBEREDELSON LLC
2  2757 Leonis Blvd.
   Los Angeles, CA 90058
3  (323) 585-8696
   ahimmelfarb@kamberedelson.com
4
   Jay Edelson
5  Ethan Preston
   KAMBEREDELSON LLC
6  53 West Jackson Ave., Suite 1530
   Chicago, IL 60604
7  312-589-6370
   jedelson@kamberedelson.com
8  epreston@kamberedelson.com

9  *Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON DEMAS and JOHN RENNINGER, on their own behalves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SONY ELECTRONICS, INC., a Delaware corporation,<br><br>Defendant. | No. 07cv2126-BEN(RBB)<br><br>**PLAINTIFFS' TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: February 11, 2008<br>Time: 10:30 a.m.<br>United States District Court<br>Judge Roger T. Benitez<br>19 940 Front Street<br>Courtroom 3<br>San Diego, CA 92101 |

# Table of Contents

**Page**

I.    **Defendant's Motion to Dismiss Selectively Ignores the FAC's Allegations** ..............1

     A.    The FAC's Allegations Are Sufficient to Apply the CLRA and UCL Under California Law ..................................................................................................2

     B.    Defendant's Cases Do Not Apply ...............................................................................3

     C.    Well-Established Case Law Precludes Defendant's Undeveloped *Shutts* Defense ..................................................................................................................4

II.   **As Defendant's Choose to Ignore the FAC's Allegations Regarding California-Based Misconduct in Its Motion, Defendant Cannot Attack Those Allegations in its Reply** ..............................................................................................................6

III.  **Conclusion** ...........................................................................................................7

# PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant Sony Electronics, Inc.'s ("SEI") Motion to Dismiss is limited to a single, simplistic argument that fails to squarely meet the allegations in Plaintiffs Jason Demas and John Renninger's ("Plaintiffs") First Amended Complaint ("FAC"). The FAC states claims under California's Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1770) and Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17203). Although, as SEI states, "the UCL and CLRA do not apply to alleged injuries suffered by non-California residents caused by conduct occurring outside of California's borders," the FAC amply alleges misconduct occurring inside California and therefore adequately states claims under the UCL and CLRA. (*Cf.* Def.'s Mem. 1.)

## I. Defendant's Motion to Dismiss Selectively Ignores the FAC's Allegations

Defendant selectively ignores Plaintiffs' allegations in their FAC. The FAC alleges that SEI committed a uniform course of misconduct in the course marketing the relevant televisions. SEI "marketed each model of the Televisions with a single, uniform set of marketing specifications" and provided "these marketing specifications to [its] retailer customers when offering the [relevant] televisions for sale to those customers. " (*Id*. ¶¶ 15, 17.) With respect to each Plaintiff, the FAC alleges that the misleading representations made to such Plaintiff were "proximately and directly caused by SEI's marketing specifications and sales presentations to" the retailer which sold the television. (*Id*. ¶¶ 20, 21.) Plaintiffs' CLRA claim alleges that SEI

> marketed the Television[s] as having a 1080p display without disclosing that the Television[s] could not receive a 1080p signal. . . In turn, SEI's customers relayed those same misrepresentations to Plaintiffs and other Class members, who relied on those misrepresentations to their detriment (which reliance was proximately and directly caused by SEI's marketing releases and sales presentations).

(*Id*. ¶¶ 34-35.) The Plaintiffs' UCL claim makes virtually identical allegations. (*Id*. ¶¶ 44, 46.)

The FAC sufficiently alleges that SEI's misconduct occurred in California. The FAC expressly alleges that "the majority of the acts alleged herein were committed in . . . California and, specifically, the Southern District of California." (*Id*. ¶ 13.) On a motion to dismiss, the FAC's "[a]ll allegations and *reasonable inferences* are taken as true, and the

allegations are construed in the light most favorable to" Plaintiffs. *Simpson v. AOL Time Warner Inc.*, 452 F.3d 1040, 1046 (9th Cir. 2006) (emphasis supplied). The FAC alleges that Defendant's "corporate headquarters [are] located at 1645 West Bernardo Street, San Diego, California 92127." (*Id.* ¶ 11.) Where the FAC alleges misconduct by SEI and that SEI maintains its corporate headquarters in California, it is reasonable to infer that SEI committed its acts in California. "***Because*** [***the defendant's***] ***principal place of business is in California, it is reasonable to infer the alleged misconduct occurred within California***." *In re Ditropan XL Antitrust Litig.*, No. 06-1761, 2007 U.S. Dist. LEXIS 38068, at *9 n.3 (N.D. Cal. May 11, 2007) (emphasis added). Indeed, this is the *only* reasonable inference, where the FAC does not allege any other SEI offices outside the corporate headquarters in San Diego.

### A. The FAC's Allegations Are Sufficient to Apply the CLRA and UCL Under California Law

Plaintiffs' construction of the FAC is well-supported in the law. "[N]on-California resident plaintiffs may bring a UCL claim based on misconduct that occurs within the California." *Id*. In *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939 (S.D. Cal. 2007) (Burns, J.), this Court rejected the same argument Defendant puts forth now. Where a non-California resident plaintiff's CLRA claim arose from a "misleading advertisement [which] appears to have been sent from California by . . . an entity with its principal place of business in California," this Court refused to dismiss the plaintiff's claim for lack of standing and expressly held that "conduct emanating from California may give rise to a CLRA cause of action." *Id*. at 949.

Defendant cites *Diamond Multimedia Systems, Inc. v. Superior Court*, 19 Cal. 4th 1036, 968 P.2d 539 (1999) for the proposition that California recognizes "a strong presumption against the extraterritorial application of its statutes." (Def.'s Mem. 3.) What the Motion to Dismiss fails to mention, however, is that this presumption is limited to a defendant's misconduct in a foreign jurisdiction, and plays no role with respect to a foreign plaintiff making a claim under a California statute against California-based misconduct. *Id.*, 19 Cal. 4th at 1060 n.20, 968 P.2d at 553 n.20 (emphasis in original).

> California . . . has a clear and substantial interest in preventing fraudulent practices in this state which may have an effect both in California and throughout the country. . . . California . . . has a legitimate and compelling interest in preserving a business climate free of fraud and deceptive practices. California business depends on a national investment market to support our industry. The California remedy for market manipulation helps to ensure that the flow of out-of-state capital necessary to the growth of California business will continue.

*Id.*, 19 Cal. 4th at 1063, 1064, 968 P.2d at 556, 557. "Product liability actions against California manufacturers by persons injured elsewhere by a defective product manufactured in California are . . . authorized by [California statutes.] We see no reason to conclude that the Legislature intended a different result for actions based on violation of [California's securities manipulation statutes.]" *Id.*, 19 Cal. 4th at 1060, 968 P.2d at 553. Where the FAC alleges misleading marketing emanating from California, the presumption against extraterritorial application of the CLRA and UCL do not apply.

### B. Defendant's Cases Do Not Apply

As shown above, the FAC alleges conduct occurring in California. This allegation renders Defendant's numerous citations to authorities for the proposition that the CLRA and UCL do not apply "to alleged injuries suffered by non-California residents ***caused by conduct occurring outside of California's borders***" inapplicable to the FAC. (Def.'s Mem. 3, citing *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 85 Cal. Rptr. 2d 18 (Cal. Ct. App. 1999); *Arabian v. Sony Electronics, Inc.*, No. 05-CV-1741, 2007 U.S. Dist LEXIS 12715 (S.D. Cal. Feb 22, 2007); *Meridian Project Systems, Inc. v. Hardin Const. Co., LLC*, 404 F. Supp. 2d 1214 (E.D. Cal. 2005); *Standfacts Credit Servs. v. Experian Info. Solutions, Inc.*, 405 F. Supp. 2d 1141 (C.D. Cal. 2005); *Churchill Village, L.L.C. v. General Elec. Co.*, 169 F. Supp. 2d 1119 (N.D. Cal. 2000)) (emphasis added).

In fact, SEI's own authorities limit themselves to situations in which the alleged misconduct "occurr[s] entirely outside of California." *Norwest Mortgage*, 72 Cal. App. 4th at 222, 226, 85 Cal. Rptr. 2d at 23, 25-26 ("reiterat[ing that its holding applied only to plaintiffs who were] non-California residents, [injured] by conduct occurring outside of California's borders by actors headquartered and operating outside of California"). Hence, they are immediately and easily distinguishable, where Plaintiffs amply allege misconduct in

California. *Cf. Meridian Project*, 404 F. Supp. 2d at 1225 (plaintiff was a Canadian company injured in Canada, and "specific misconduct identified by [plaintiff] occurred in Chicago, Illinois"); *Standfacts Credit*, 405 F. Supp. 2d at 1147, 1148 (court only dismissed non-resident plaintiffs' UCL claims against defendants which did not reside in California, but not other defendant). Conversely, "state statutory remedies may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California." *Norwest Mortgage*, 72 Cal. App. 4th at 225, 85 Cal. Rptr. 2d at 25 (citing *Diamond Multimedia*). The FAC adequately alleges wrongful conduct occurring in California.

Finally, Defendant misstates *Arabian*. Defendant represents *Arabian* as "refusing to certify proposed nationwide class of consumers because . . . [the C]ourt could not apply UCL to non-residents where alleged conduct and injuries occurred outside of California." In fact, Defendant did not challenge the application of California law to a proposed class of United States residents in *Arabian*, and the Court "assume[d] for the purposes of this Motion that *California law will apply to all purchasers of FX laptops in the United States*." *Arabian*, 2007 U.S. Dist LEXIS 12715, at *34 (emphasis added). *Arabian* excluded Canadian laptop purchasers from class certification where there was no evidence that the relevant laptops "were assembled in or distributed from California," or that the technical support number used by the Canadian members of the proposed class "originate[d] from California. [The plaintiffs] further fail[ed] to show that Defendant made any representations of fact to Canada [or that,] as a general matter, FX laptops are sold and serviced in Canada by non-party Sony of Canada, Ltd." *Id.* at *31-32. *Arabian* is not applicable here, where the only reasonable inference from Plaintiffs' allegations is that the misconduct alleged took place in California.

### C. Well-Established Case Law Precludes Defendant's Undeveloped *Shutts* Defense

Defendant's argument straddles and blurs two separate, analytically distinct limitations on the application of California law. First, as a matter of statutory interpretation, California law contains a presumption against extraterritorial application. As discussed above, this presumption does not apply here. Second, as a matter of Constitutional law, the Due Process

Clause imposes "modest restrictions on the application of [state] law." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818 (1985). Defendant touches on *Shutts* in the lightest possible way when it quotes *Churchill Village* for the proposition that "beyond [the] presumption [against extraterritoriality], 'a California court's adjudication of non-residents' claims that lack a nexus with California 'raises significant due process problems.'"" (Def.'s Mem. 3, quoting *Churchill Village*, 169 F. Supp. 2d at 1126-27 (quoting *Shutts*, 472 U.S. at 810-11.))) As demonstrated below, the Due Process Clause's modest restrictions pose even less of problem for Plaintiffs' FAC than the statutory presumption against extraterritoriality.

*Shutts'* Due Process analysis derives from *Allstate Insurance Co. v. Hague*, 449 U.S. 302 (1981). *Id.*, 472 U.S. at 818-19 (quoting *Allstate*, 449 U.S. at 312-13). "[F]or a State's substantive law to be selected in a constitutionally permissible manner, that State must have a significant contact or significant aggregation of contacts, creating state interests" in the case's subject matter. *Allstate*, 449 U.S. at 312-13 (quoted by *Shutts*, 472 U.S. at 818). Where the FAC alleges SEI's conduct took place in California, the application of California law comports with due process. A myriad of federal cases support the application of California law to a national class where the misconduct occurred or emanated from California. "California has an 'interest' within the rule of *Shutts* in the allegedly fraudulent conduct of California residents perpetrated primarily in California." *In re Seagate Techs. Sec. Litig.*, 115 F.R.D. 264, 272 (N.D. Cal. 1987) (sufficient contacts to sustain nationwide class action under California law where many defendants were headquartered or resided in California, and alleged misrepresentations disseminated from California). *See also Church v. Consol. Freightways, Inc.*, No. C-90-2290, 1992 U.S. Dist. LEXIS 18234, at *16 (N.D. Cal. 1992) (same, where defendants "resided or conducted business in California," "[c]ertain of the alleged misrepresentations emanated from California"); *Roberts v. Heim*, 670 F. Supp. 1466, 1494 (N.D. Cal. 1987) (same, listing variety of contacts between defendants and California); *In re Pizza Time Theatre Sec. Litig.*, 112 F.R.D. 15, 18 (N.D. Cal. 1986) (same, where defendant "was incorporated and headquartered in California [and] the alleged mis[re]presentations emanated from California"); *In re Computer Memories Sec. Litig.*, 111

F.R.D. 675, 686 (N.D. Cal. 1986) (same, listing variety of contacts between defendants and California).

California courts are in accord. *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 242, 110 Cal. Rptr. 2d 145, 159 (Cal. Ct. App. 2001) (sufficient contacts for nationwide class action under California law, where defendant headquartered and incorporated in California, allegedly fraudulent "brochures promising free telephone support were prepared in and distributed from California," and "core decision at issue here . . . was made at [the defendant's] headquarters in California"); *Clothesrigger, Inc. v. GTE Corp.*, 191 Cal. App. 3d 605, 613, 236 Cal. Rptr. 605, 608 (Cal. Ct. App. 1987) (same, where defendants "do business in California," one defendant had its principal offices in California, and the persons involved in the relevant "advertising and promotional literature" for the contested service were in California "and thus the alleged fraudulent misrepresentations forming the basis of the claim of every Sprint subscriber nationwide emanated from California").

Indeed, courts have applied the law of forum states on the basis of contacts more attenuated than those alleged in the FAC. *Cf. In re Tri-State Crematory Litig.*, 215 F.R.D. 660, 678 (N.D. Ga. 2003) (where plaintiffs and defendants from multiple jurisdictions, sufficient contacts to apply Georgia law where "at least a portion of [cremation] contract was to be performed in Georgia"); *Emergency One v. Waterous Co.*, 23 F. Supp. 2d 959, 969 (E.D. Wis. 1998) (choice of law not necessarily subject to a higher contacts threshold than personal jurisdiction, citing *Allstate*, 449 U.S. at 317 n.23); Richman & Reynolds, Understanding Conflict of Laws, § 97(a)(4) (3d ed. 2002) ("[T]his test can be satisfied by very minimal contacts").

**II.    As Defendant Choose to Ignore the FAC's Allegations Regarding California-Based Misconduct in Its Motion, Defendant Cannot Attack Those Allegations in its Reply**

Defendant's Motion states in a single sentence that "Plaintiffs do not allege that [Defendant] ever made any representation whatever to them about their Televisions." (Def.'s Memo. 2.) It is unclear what is the intended impact of this statement. To the extent this statement is an embryonic argument that Plaintiffs cannot state a claim without alleging direct

interaction between Plaintiffs and Defendant, it has been rejected by California courts.[1] In any event, whatever other attacks on the FAC allegations' of California-based misconduct Defendant might seek to advance in its Reply are now foreclosed by its failure to develop them in its Motion.[2] It would be grossly unfair for Defendant to raise arguments in its Reply that were not squarely addressed in either the Motion or the Opposition, to which Plaintiffs would not any opportunity to respond.[3]

Defendant's threadbare Motion to Dismiss hinges on the misplaced assumption that the FAC simply does not allege any actionable conduct within California. Except for an unsupported argument asserted in passing in Defendant's conclusion, Defendant chose to ignore. *Cf. Simpson*, 452 F.3d at 1046 ("[a]ll . . . reasonable inferences [from complaint's allegations] are taken as true" in motion to dismiss").

### III.   Conclusion

Defendant's entire argument hinged on Plaintiffs' assumed failure to allege that Defendant committed the misconduct alleged in the FAC in California. This argument must fail where the FAC not only alleges that "the majority of the acts alleged herein were committed in . . . California and, specifically, the Southern District of California" (FAC ¶ 13),

---

[1] The defendant in *Shersher v. Superior Court*, 154 Cal. App. 4th 1491, 1495-96, 65 Cal. Rptr. 3d 634, 637 (Cal. Ct. App. 2007) argued that indirect purchasers (who purchased the relevant product from someone other than the defendant) could not state a UCL claim. *Shersher* rejected that argument, finding nothing in the California Supreme Court's precedent "suggests [the intent] to preclude consumers from seeking the return of money they paid for a product that turned out to be not as represented." *Id.*, 154 Cal. App. 4th at 1498, 65 Cal. Rptr. 3d at 639. *See also In re Ditropan XL*, 2007 U.S. Dist. LEXIS 38068, at *13-14 (indirect purchaser could state claim under UCL).

[2] Defendant only asserts in its conclusion that Plaintiffs' jurisdictional allegation (that "the majority of the acts alleged herein were committed in . . . California," FAC ¶ 13) that "[t]his allegation might be enough to confer jurisdiction over [SEI] but it is insufficient to bring Plaintiffs' claims within the scope of the UCL or CLRA." (Def.'s Mem. 4.) Defendant offers no authority to support this position, which contradicts the holding in *In re Ditropan XL*. Where an argument is only addressed in what "purport[s] to be a summary in the conclusion section," it is "inadequately developed" and it is inappropriate for the Court to consider expansions on that argument in a reply brief. *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006).

[3] *See Eiden v. Thrifty Payless Inc.*, 407 F.Supp.2d 1165, 1171 n.7 (E.D. Cal. 2005) (where party "did not have an opportunity to counter [argument] in its papers . . . the court generally will not consider arguments raised for the first time in a reply brief"). *See also Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 05-1660, 2007 U.S. Dist. LEXIS 62288, at *8 (S.D. Cal. Aug. 23, 2007) (applying maxim that "arguments not raised by a party in its opening brief are deemed waived" with respect to reply to opposition against motion for summary judgment).

but also alleges that Defendant's headquarters are in San Diego. Where Defendant's "principal place of business is in California, it is reasonable to infer the alleged misconduct occurred within California." *In re Ditropan XL*, 2007 U.S. Dist. LEXIS 38068, at *9 n.3.

Defendant bears the consequences for failing to develop any argument with respect to these allegations that Defendant's misconduct occusrred in California. Plaintiff cannot be forced to guess at how Defendant might argue that these allegations are inadequate in its Reply, where such arguments could have and should have been made in the Motion, and Plaintiffs do not have an adequate opportunity to address arguments made in Defendant's Reply brief.

Date:             January 22, 2007

By: s/Ethan Preston

Jay Edelson
Ethan Preston (admitted *pro hac*)
KAMBEREDELSON LLC
53 West Jackson Ave., Suite 1530
Chicago, IL 60604
312-589-6370
jedelson@kamberedelson.com
epreston@kamberedelson.com

Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

*Attorneys for Jason Demas and John Renninger*