NANCY SHER COHEN (Bar No. 81706)
Nancy.Cohen@hellerehrman.com
RONALD A. VALENZUELA (Bar No. 210025)
Ronald.Valenzuela@hellerehrman.com
HELLER EHRMAN LLP
333 South Hope Street, 39th Floor
Los Angeles, CA 90071-3043
Telephone: +1 (213) 689-0200
Facsimile: +1 (213) 614-1868

Attorneys for Defendant,
SONY ELECTRONICS INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DEMAS and JOHN RENNINGER, on their own behalves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SONY ELECTRONICS, INC.<br><br>Defendant. | Case No.: 07cv2126-BEN(RBB)<br><br>**SONY ELECTRONICS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>The Honorable Roger T. Benitez<br>Courtroom 3<br>Date: February 11, 2008<br>Time: 10:30 a.m. |

In opposing Sony Electronics Inc.'s ("SEL") Motion to Dismiss, Plaintiffs — who are Illinois residents, who bought the televisions at issue in Illinois, and who supposedly relied upon alleged misrepresentations made by third parties in Illinois — argue that California's consumer-protection statutes apply to their claims because conduct that caused their purported injuries occurred in California. The problem with this argument, however, is that it is not what Plaintiffs have alleged in their complaint.

### A. Plaintiffs Cannot Rest Their Claims Solely on the Allegation Regarding the Location of SEL's Corporate Offices

Plaintiffs do not dispute that their Complaint fails to include any allegation that expressly connects their purported injury to any specific conduct in California. They do not describe any conduct that occurred in California and do not expressly allege that the representations they relied upon in purchasing their televisions were made in California. In fact, the representations that Plaintiffs allege they relied upon did not come from SEL at all, they came from the third-party retailers in Illinois who sold Plaintiffs their televisions.

Plaintiffs, then, ask the Court to *infer* that their alleged injuries were caused by conduct that emanated from California. They ask the Court to make this inferential leap, however, based upon the thinnest allegations: an allegation that Sony Electronics has its corporate offices in San Diego and boilerplate language regarding jurisdiction. Relying on a footnote in *In re Ditropan XL Antitrust Litig.*, No. 06-CV-01761, 2007 U.S. Dist. LEXIS 38068 (N.D. Cal. May 11, 2007), Plaintiffs argue that a company can be held liable for injuries allegedly suffered outside of California by out-of-state residents simply because the defendant has its corporate offices in California. This issue, however, was not briefed by the parties or even raised by plaintiff in *Ditropan* as grounds for sustaining a claim under California's Unfair Competition Law ("UCL").

Moreover, the opinion provides *no information* concerning what plaintiffs

alleged in their complaint about the conduct engaged in by defendant in California. If having corporate offices in California *alone* would automatically subject a company to liability under the UCL or CLRA for injuries allegedly sustained outside of California by non-residents, then *every* company headquartered in California would be subject to liability for any injury sustained anywhere in the United States. But that is not the law. In *Norwest Mortgage, Inc. v. Superior Court,* 72 Cal. App. 4th 214 (Cal. Ct. App. 1999), for example, defendant Norwest Mortgage was a California corporation, and yet the court held that a group of plaintiffs could not maintain a UCL claim against Norwest because their alleged injuries arose from conduct that occurred outside of California. *Id.*, at 225; *see also Arabian v. Sony Electronics Inc.*, Case No. 05-cv-1741, 2007 U.S. Dist. LEXIS 12715 at *30-31 (S.D. Cal. Feb. 22, 2007) (corporation headquartered in California could not be held liable under UCL for conduct that occurred outside of California). Plaintiffs' allegation regarding SEL's corporate offices, therefore, is not, by itself, enough to sustain Plaintiffs' claims.

### B. Plaintiffs Cannot Rely Upon Boilerplate Language To Save Their Claims

Plaintiffs also rely upon boilerplate language in the complaint regarding jurisdiction in asking the Court to permit their case to go forward.[1] Such vague and conclusory allegations, however, do not permit non-residents to apply California's consumer-protection statutes to their alleged claims. Plaintiffs point to their

---

[1] Plaintiffs apparently hope to prevent SEL from challenging the sufficiency of this boilerplate language by arguing that SEL has waived its right to challenge it because it did not "develop" the argument in its moving papers. See Pls.' Opp'n, at 6-7. It is Plaintiffs, however, in trying to save their claims, who have squarely put in issue the sufficiency of this allegation. SEL, therefore, has every right to challenge any defense Plaintiffs put forward in opposition to SEL's motion to dismiss. See, e.g., Bayway Refining Co. et al. v. Oxygenated Marketing and trading A.G., 215 F.3d 219, 226-7 (2d Cir. 2000) ("reply papers may properly address new material issues raised in the opposition papers").

1  throwaway assertion that "the majority of the acts alleged herein were committed in
2  California," but even a cursory examination of the complaint reveals that the *only*
3  specific conduct alleged in the complaint occurred in Illinois, not California.
4      Nor does this allegation meet the bare minimum required to state a plausible
5  claim for relief. Under the Federal Rules of Civil Procedure, a complaint must set
6  forth a "short and plain statement of the claim showing that the . . . [plaintiff] is
7  entitled to relief." Fed. R. Civ. P. 8(a)(2). In construing the meaning of this
8  standard, federal courts have often looked to the Supreme Court's opinion in *Conley*
9  *v. Gibson,* 355 U.S. 41 (1957) in which Justice Black wrote that "a complaint should
10 not be dismissed for failure to state a claim unless it appears beyond doubt that the
11 plaintiff can prove no set of facts in support of his claim which would entitle him to
12 relief." *Conley,* 355 U.S. 45-6.
13     In *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007), the Supreme Court
14 concluded that Justice Black's oft-cited phrase had "earned its retirement." *Id.*, at
15 1969. The complaint must include a plain statement that "possess enough heft to
16 show the pleader is entitled to relief." *Id.*, at 1966. Bald contentions, unsupported
17 characterizations, legal conclusions, and the formulaic recitation of the elements of a
18 cause of action will not suffice to defeat a motion to dismiss. *Id.*; *see also In re*
19 *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996) ("conclusory allegations of
20 law and unwarranted inferences are insufficient to defeat a motion to dismiss for
21 failure to state a claim"); *DM Research v. College of American Pathologists,* 170
22 F.3d 53, 55 (9th Cir. 1999) ("Conclusory allegations in a complaint, if they stand
23 alone, are a danger sign that the plaintiff is engaged in a fishing expedition.").
24     Plaintiffs' inaccurate claim that the majority of conduct alleged in the
25 complaint occurred in California cannot meet the standard explained in *Twombly*. A
26 well-pleaded complaint must set out "the statement of circumstances, occurrences
27 and events in support of the claim presented." *Twombly,* 127 S.Ct. 1965 n.3 (quoting
28 5 Wright & Miller § 1202, at 94-5). But Plaintiffs utterly fail to do so. The

1  complaint is devoid of any *factual* allegations concerning the circumstances,
2  occurrences and events supporting their claims regarding SEL's conduct.
3       The significance of the pleading requirement under Rule 8 as articulated in
4  *Twombly* has a practical implication in putative nationwide class actions such as this
5  case. "[W]hen the allegations in a complaint, however true, could not raise a claim
6  for entitlement to relief, this basic deficiency should be exposed at the point of
7  minimum expenditure of time and money by the parties and the court." *Id.*, at 1966
8  (internal quotations omitted). If it is not, the mere threat of class-wide discovery
9  becomes an "*in terrorem* increment of the settlement value" of that case — even for
10 plaintiffs with essentially groundless claims. *Id.* Given the paucity of factual
11 allegations asserted, Plaintiffs' complaint should be dismissed now, before they are
12 permitted to "take up the time of a number of other people," including this Court.
13 *Id.*; *DM Research,* 170 F.3d at 55 ("the price of entry, even to discovery, is for the
14 plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings,
15 which may be costly and burdensome").

    **C.**    **The Authority Cited By Plaintiffs Is Inapt**

17      Finally, Plaintiffs cite to various cases that they claim support their cause. In
18 each of these cases, however, either the challenged complaint, or the record,
19 expressly indicated that defendant's conduct unequivocally emanated from
20 California, which is not the case here. *See Cattie v. Wal-Mart Stores, Inc.*, 504 F.
21 Supp. 2d 393, 942 (S.D. Cal. 2007); *Wershba v Apple Computer, Inc.*, 91 Cal. App.
22 4th 224 (Cal. Ct. App. 2001); *Clothesrigger, Inc. v. GTE Corp.*, 191 Cal. App. 3d
23 605 (Cal. Ct. App. 1987); *Emergency One v. Waterous Co.*, 23 F. Supp. 2d 959 (E.D.
24 Wis. 1998). Moreover, in many of these cases, the extraterritoriality of California's
25 consumer-protection statutes was not even at issue as plaintiffs in those cases had not
26 asserted claims under the UCL or CLRA. *See In re Seagate Techs. Sec. Litig.*, 115
27 F.R.D. 264 (N.D. Cal. 1987); *Church v. Consol. Freightways, Inc.*, No. C-90-2290,
28 1992 U.S. Dist. LEXIS 18234 (N.D. Cal. 1992); *Roberts v. Heim*, 670 F. Supp. 1466

(N.D. Cal. 1987); *In re Pizza Time Theatre Sec. Litig.*, 112 F.R.D. 15 (N.D. Cal. 1986); *In re Computer Memories Sec. Litig.*, 111 F.R.D. 675 (N.D. Cal. 1986); *In re Tri-State Crematory Litig.*, 215 F.R.D. 660 (N.D. Ga. 2003). None of these cases, then, establishes that vague and conclusory allegations are sufficient to form the basis from which the Court can conclude that specific instances of conduct by SEL resulting in Plaintiffs' purported injuries occurred in California.

Having failed to present any basis upon which the Court can extend the reach of California's consumer-protection statutes to non-residents who concede that they were not injured in California, Plaintiffs' claims must fail. Accordingly, SEL's motion should be granted.

Date: February 4, 2008

Respectfully submitted,
HELLER EHRMAN LLP

By _____
NANCY SHER COHEN
Attorneys for Defendant
SONY ELECTRONICS INC.