UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID DATE, JR.<br><br>           Plaintiffs,<br>v.<br>SONY ELECTRONICS INC. et al.,<br>           Defendants. | Case No. 2:07-cv-15474 PDB RSW<br><br>Hon. Paul D. Borman |

**ORDER PRELIMINARILY APPROVING SETTLEMENT OF CLASS ACTION**

  The parties to this action have agreed to settle this lawsuit. Based upon an examination of the March 11 and 12, 2008 Settlement Agreement between plaintiff David Date, Jr. ("Plaintiff") and Sony Electronics Inc. ("Settlement Agreement"), and upon an examination of the Parties Joint Application for Preliminary Approval of Settlement of Class Action ("Joint Application") and all supporting papers submitted therewith, and finding good cause,

  IT IS HEREBY ORDERED:

**I. PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**

  The Parties' Joint Application is hereby GRANTED. It appears to the Court, based upon the materials and information submitted by the Parties, that the proposed settlement is within the range of possible judicial approval; appears to be the product of serious, informed, non-collusive negotiations; has no obvious deficiencies; and does not improperly grant preferential treatment to the Settlement Class Representative (defined below in Section II), or any segment of the Settlement Class (defined below in Section II), such that preliminary approval of the proposed settlement, notice of the proposed settlement to the Settlement Class, and the scheduling of a formal fairness hearing is appropriate.

  **A. Notice of Proposed Settlement**

  SEL shall have until September 4, 2008, 45 days from the date of the issuance of this Order to provide notice of the proposed settlement to the Settlement Class ("Notice")

in the form and manner set forth below. The Court finds that the form and manner of Notice set out below meets the notice requirements of Federal Rule of Civil Procedure 23 and of due process.

1. **Form of Notice**

SEL shall provide Notice in substantially the form of Attachment A ("Settlement Notice") and Attachment B ("Abbreviated Settlement Notice") to this Order.

2. **Manner of Notice**

SEL shall provide Notice in the following manner:

   a.  <u>Website Postings</u>: SEL shall build and host, at its expense, a website on the Internet to provide information on the proposed settlement and claims process (the "Settlement Website"). The Settlement Website shall include a link to (1) the Settlement Notice; (2) a downloadable settlement claim form that eligible members must use to obtain an e-credit; and (3) a copy of the Preliminary Approval Order. SEL shall establish the Settlement Website within 21 days of entry of this Order and will maintain the Settlement Website until the Claims Period (as defined in Section 1.2 of the Settlement Agreement) ends. SEL shall post a link to the Settlement Website on its support website http:esupport.sony.com at the following locations: (1) on the main support home page for 2 weeks, beginning no later than the first day of the Claims Period; and (2) on the support home page for each Television (as defined in Section 1.14 of the Settlement Agreement) model for the duration of the Claims Period.

   b.  <u>E-mail</u>: If SEL has a Settlement Class member's e-mail address, SEL shall provide the Settlement Notice by e-mail to that member;

   c.  <u>U.S. Mail</u>: If SEL has the Settlement Class member's U.S. mailing address, SEL shall provide the Abbreviated Settlement Notice by first-class U.S. mail to that member, but only if: (i) SEL does not have a Settlement Class member's e-mail address; or (ii) SEL receives notice that the e-mail sent to a Settlement Class member as ordered under Section I.A.2.b above was undeliverable;

   d.  <u>Newspaper Publication</u>: SEL shall pay for and caused to be

placed a one-eighth (⅛) page advertisement, which shall be in substantially the form of Attachment B to this Order, in the weekend edition of USA Today for two consecutive weeks within 45 days of the date of the issuance of this Order.

    **B.**    **Objections to the Proposed Settlement**

Members of the Settlement Class who wish to object to the proposed settlement or the awarding of attorneys' fees thereunder shall do so in writing in the manner set forth in the Settlement Notice. Written objections, and any supporting materials that the objector wishes the Court to consider prior to its determination of whether the proposed settlement shall be granted final approval, must be filed with the Clerk of the Court on or before October 15, 2008.

    **C.**    **Opting Out of the Settlement Class**

Members of the Settlement Class who wish to opt out of the Settlement Class shall do so in writing in the manner set forth in the Settlement Notice. Requests to be excluded from the Settlement Class must be submitted by October 15, 2008. On October 20, 2008, 5 days after the deadline to opt out, counsel for Plaintiff, The Consumer Advocacy Center, P.C, shall file with the Court, and simultaneously serve on SEL through its counsel, a list of all persons who submitted a valid and timely request to be excluded from the Settlement Class.

    **D.**    **Fairness Hearing**

On November 3, 2008, at 11:00 a.m. in Courtroom 737, located at 231 W. Lafayette Blvd., Detroit, Michigan 48226, the Court shall conduct a fairness hearing pursuant to Federal Rule of Civil Procedure 23(e) (the "Fairness Hearing"). The Court may postpone, adjourn, or continue the Fairness Hearing without further notice of any such scheduling change to members of the Settlement Class who have not submitted a timely and valid objection to the proposed settlement.

No later than 15 days prior to the date of the scheduled Fairness Hearing, Plaintiff and SEL, either jointly or separately, may file with the Court any statement of facts, memorandum of law, affidavit, declaration, exhibit, or other documentary evidence in

support of their contention that the proposed settlement is adequate, fair, and reasonable. No later than 15 days prior to the date of the scheduled Fairness Hearing, each party may also file with the Court a list of experts and witnesses which that party wishes to present at the Fairness Hearing in support of its contention that the proposed settlement is adequate, fair, and reasonable. Said list shall also be accompanied with a short summary of the expected testimony to be presented by each expert and witness.

E.   **Final Approval of Settlement**

The Court will issue an order giving final approval of the proposed settlement no earlier than 90 days after service of notice to appropriate federal and state officials of the proposed settlement, pursuant to Section 1715(b) of the Class Action Fairness Act of 2005 ("CAFA"). If a federal or state official who receives notice of the proposed settlement pursuant to Section 1715(b) of CAFA submits an objection to the proposed settlement, Plaintiff and SEL, either jointly or separately, may submit a response to such objection with the Court no later than 15 days prior to the scheduled Fairness Hearing or within 10 court days of the Parties' notice of the objection, whichever is later.

Pending final approval of the proposed settlement, no member of the Settlement Class, either individually, derivatively, in a representative capacity, or in any other capacity, shall commence any action, or proceed with any action currently pending, in any court or tribunal against any of the Released Parties, as that term is defined in Section 6.0 of the Settlement Agreement, asserting any of the claims waived or released under the terms of the Settlement Agreement.

In the event the Settlement Agreement terminates pursuant to its terms for any reason, including but not limited to the Parties' failure to obtain final approval of the proposed settlement, the certification of the Settlement Class for settlement purposes pursuant to Section II of this Order shall be vacated automatically, the Class Representative (defined below) shall cease to function as a representative of the Settlement Class, and this action shall revert to its status immediately prior to the execution of the Settlement Agreement. Nothing contained in this Order is or may be

4

construed as an admission or concession by or against SEL on any point of fact or law.

This Court shall retain jurisdiction over the parties and this matter for the purpose of (1) enforcing the Agreement and any Order issued by this Court in connection therewith, and (2) adjudicating any dispute between the parties to this action arising out of the Agreement.

## II. CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

Having reviewed Plaintiff's request for certification of the class for settlement purposes only, the Court finds that class certification for settlement purposes only is appropriate and that the class requirements of Federal Rule of Civil Procedure 23 are satisfied in that:

1. The Settlement Class (as defined below) is so numerous that joinder of all members is impracticable.

2. There are questions of law or fact common to the Settlement Class.

3. The claims of the Settlement Class Representative are typical of the claims of the Settlement Class. For purposes of this Order, the term "Settlement Class Representative" means David Date, Jr., the named plaintiff in this action.

4. The Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class.

5. The questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members.

6. Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

The Settlement Class Representative shall be the representative of the Settlement Class for the purposes of implementing the settlement in accordance with the Settlement Agreement, his counsel of record are appointed as counsel for the Settlement Class ("Class Counsel"), and the law firm of The Consumer Advocacy Center, P.C., is appointed Lead Class Counsel.

Accordingly, this Court hereby certifies a Settlement Class for settlement purposes

only that is defined as all original United States end user consumers who, up to the date the Court grants preliminary approval of this proposed settlement, purchased any of the following Sony high-definition television models: KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005" (the "Television(s)"). The Settlement Class shall also include any person who received a Television as a gift directly from the original purchaser of the Television at retail. Settlement Class shall not include (a) any person or entity who purchased or acquired a Television for resale, (b) any person or entity who purchased or acquired a Television for commercial use, (c) any Claims Aggregator, as that term is defined in the Settlement Agreement, (d) any person or entity who claims to be an assignee of rights associated with any of the Televisions, (e) any person who is an employee, director, officer or agent of Sony Electronics, or its direct or indirect parent or affiliated companies, or (f) any Judge of the Court.

DATED: July 25, 2008

_____
Hon. Paul D. Borman
United States District Court Judge

6